# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| KALSHIEX LLC,<br><br>*Plaintiff-Appellant,*<br><br>v.<br><br>JOHN A. MARTIN,<br>in his official capacity as Secretary of the Maryland Lottery and Gaming Control Commission and Director of the Maryland Lottery and Gaming Control Agency, *et al.,*<br><br>*Defendants-Appellees.* | No. 25-1892 |

**JOINT MOTION FOR EXTENSION OF BRIEFING DEADLINES**

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __25-1892__     Caption: __Kalshiex LLC v. John Martin__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__KalshiEX LLC__
(name of party/amicus)

_____

who is __appellant__, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☑ YES ☐ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

   Kalshi Inc.

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐ YES ☑ NO
   If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
   If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
   If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐ YES ☑ NO
   If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Neal Kumar Katyal          Date: August 19, 2025

Counsel for: KalshiEX LLC

Pursuant to Federal Rule of Appellate Procedure 31 and Local Rule 31(c), the parties jointly move for an extension of the briefing deadlines in the above-captioned matter as follows:

- October 15, 2025 – Appellant's opening brief
- December 15, 2025 – Appellees' response brief
- January 19, 2026 – Appellant's reply brief

In support of the motion, the parties state as follows:

1.  On August 1, 2025, Appellant KalshiEX LLC appealed from the District Court's order denying a preliminary injunction. This Court docketed the appeal on August 6, 2025. Under the schedule set out in this Court's order, Appellant's opening brief is currently due on September 15, 2025, and Appellees' response brief is currently due on October 15, 2025.

2.  A 30-day extension of the deadline to file both parties' principal briefs would make Appellant's opening brief due on Wednesday, October 15, 2025, and Appellees' response brief due on Monday, December 15, 2025. A 14-day extension for Appellant's reply brief would make the reply brief due on January 19, 2026.

3.  Counsel for the parties jointly request this additional time and have agreed upon the proposed schedule in light of the complexity of issues to be addressed in the briefing and other litigation deadlines.

4. Counsel for Appellant have numerous other litigation deadlines that necessitate the request for a 30-day extension of the deadline for the opening brief. These include: (1) a petition for certiorari due on August 25, 2025 in *Poore v. United States* (S. Ct.); (2) an opening brief due on August 25, 2025 in *Welch v. Plappert*, No. 24-6022 (6th Cir.); (3) a petition for certiorari due on August 31, 2025 in *Fire-Dex LLC v. Admiral Insurance Company* (S. Ct.); (4) oral argument on September 8, 2025 in *KalshiEX LLC v. Flaherty*, No. 25-1922 (3d Cir.); (5) an opening brief due on September 22, 2025 in *Dinner Table Action v. Equal Citizens*, No. 25-1706 (1st Cir.); and (6) a reply brief due on September 26, 2025 in *Jolley v. Unknown Named BOP Directors*, No. 24-5111 (D.C. Cir.).

5. With a corresponding 30-day extension, Appellees' response brief would be due on December 15, 2025. With Appellees' response brief due on December 15, 2025, absent an extension, the briefing window for Appellant's reply brief would fall almost entirely over the Christmas and New Years holiday. A modest 14-day extension of time to file the reply brief is therefore warranted.

6. The parties have not previously sought an extension of these deadlines.

For the foregoing reasons, the parties respectfully request that this Court find that good cause exists for this first extension request and grant the joint motion to extend the deadline for Appellant's opening brief to October 15, 2025, the deadline

- 4 -

for Appellees' response brief to December 15, 2025, and the deadline for Appellant's reply brief to January 19, 2026.

August 19, 2025                                         Respectfully submitted,

                                                 /s/ Neal Kumar Katyal
                                                 Neal Kumar Katyal
                                                 Joshua B. Sterling
                                                 William E. Havemann
                                                 MILBANK LLP
                                                 1101 New York Ave., NW
                                                 Washington, DC 20005
                                                 (202) 835-7505
                                                 nkatyal@milbank.com

*Counsel for Plaintiff-Appellant*

                                                 Anthony G. Brown
                                                 Attorney General of Maryland

                                                 /s/ Erik J. Delfosse
                                                 Erik J. Delfosse
                                                 Assistant Attorney General
                                                 Maryland Lottery and Gaming
                                                    Control Agency
                                                 1800 Washington Blvd.
                                                 Ste. 330
                                                 Baltimore, MD 21230
                                                 (410) 230-8726
                                                 erik.delfosse@maryland.gov

*Counsel for Defendants-Appellees*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 471 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

August 19, 2025                                                                      /s/ Neal Kumar Katyal
                                                                                              Neal Kumar Katyal

                                                                                              *Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. Counsel of record for all parties are registered CM/ECF users and will be served by the appellate CM/ECF system.

August 19, 2025                                       /s/ Neal Kumar Katyal
                                                      Neal Kumar Katyal

                                                      *Counsel for Plaintiff-Appellant*

- 7 -