CAROLYN A. QUATTROCKI
*Chief Deputy Attorney General*

LEONARD J. HOWIE III
*Deputy Attorney General*

CARRIE J. WILLIAMS
*Deputy Attorney General*

SHARON S. MERRIWEATHER
*Deputy Attorney General*

ZENITA WICKHAM HURLEY
*Deputy Attorney General*

HOLLY L. KNEPPER
*Principal Counsel*

PETER V. BERNS
*General Counsel*

CHRISTIAN E. BARRERA
*Chief of Staff*



**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**MARYLAND STATE LOTTERY AND GAMING CONTROL AGENCY**

ANTHONY G. BROWN
*Attorney General*

February 6, 2026

**VIA ECF**

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re:    *KalshiEX LLC v. John A. Martin*, No. 25-1892

Dear Madam Clerk:

The Rule 28(j) letter (ECF 60) filed by appellant KalshiEX, LLC ("Kalshi") cites recent public remarks of the Commodity Futures Trading Commission's new Chairman, Michael Selig. These remarks provide no support for reversal, for four reasons.

First, the remarks do not constitute agency guidance, whether formal or informal. Indeed, Chairman Selig began by stating, "[T]he views I share today are my own as Chairman and do not necessarily reflect those of the Commission." (ECF 60, at 3.)

Second, even if this Court were to treat Chairman Selig's remarks as agency guidance, they are not entitled to deference as to the Commodity Exchange Act's meaning or preemptive effect. Rather, it is for this Court "to independently interpret

the statute and effectuate the will of Congress subject to constitutional limits." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395 (2024).

      Third, even on their own terms, Chairman Selig's remarks do not opine on the legal status of event contracts, including sports event contracts, or on the interpretation or preemptive effect of the Commodity Exchange Act. Instead, they cite the need for "clear rules and a clear understanding that the CFTC supports lawful innovation in [event contract] markets." (ECF 60, at 7.) Thus, Chairman Selig states that he has "directed CFTC staff to move forward with drafting an event contracts rulemaking," without even speculating about the outcome of that rulemaking. (ECF 60, at 7.) He states that he has directed withdrawal of the 2024 event contracts rule proposal but does not explain why. He states that he has directed withdrawal of a staff advisory regarding ongoing litigation, but that advisory expressed no view on the litigation's merits in the first place.

      Finally, Chairman Selig's remarks do not address state sports wagering laws or the potential preemption of such laws. Indeed, they include only a single passing reference to sports-related event contracts.

Respectfully submitted,

/s/ Erik Delfosse

_____

Erik Delfosse

cc: All Counsel of Record