

**WILL HAVEMANN**

*Partner*

1101 New York Ave., N.W.  |  Washington, DC 20005

T: +1 (202) 835-7518

whavemann@milbank.com  |  milbank.com

April 8, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

>        Re:    ***KalshiEX LLC v. John A. Martin, et al.*, No. 25-1892**
>               **FRAP 28(j) Letter**

Dear Ms. Anowi:

Kalshi writes to advise the Court of a recent Third Circuit decision and recent action by the CFTC concerning the event contracts at issue in this appeal.  They strongly support reversal.

In *KalshiEX LLC v. Flaherty*, No. 25-1922 (3d Cir.), Dkt. 105 (Apr. 6, 2026) ("Op."), the Third Circuit became the first court of appeals to rule on the question presented here.  The court held that the CEA "preempts state laws that directly interfere with swaps traded on DCMs," including Kalshi's sports-event contracts.  Op.4.  It concluded, "Kalshi's sports-event contracts fit comfortably" within the "swap" definition because "[t]he outcome of a sports event ***certainly*** can be associated with a potential financial[] … consequence," such as consequences for "sponsors, advertisers," and other stakeholders.  Op.8 (emphasis added).  The court held "that both field and conflict preemption apply," Op.9, and that no presumption against preemption could overcome the clear "text preempt[ing] state gambling laws that seek to regulate futures trading."  Op.13-14.  Regarding the balance of harms and equities, the court determined Kalshi established irreparable harm from the state's threat to impose civil and criminal penalties.  Op.16-17.  And the court noted that "the public interest is best served by enforcing the Act."  Op.17.

The CFTC agrees.  On April 2, 2026, the CFTC filed separate complaints against Arizona, Connecticut, and Illinois, seeking declarations that the CEA preempts state gambling statutes as applied to on-DCM trading and injunctions barring each state from enforcing these statutes against DCMs.  *See United States v. Arizona*, 2:26-cv-02246 (D. Az. Apr. 2, 2026) ("Az. Compl."); *United States v. Connecticut*, 3:26-cv-00498 (D. Conn. Apr. 2, 2026); *United States v. Illinois*, 1:26-cv-03659 (N.D. Ill. Apr. 2, 2026).  The complaints were a direct response to states' threatened or

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

actual enforcement actions against DCMs, including Kalshi. They confirm the CFTC's view that sports-event contracts on DCMs are swaps, and they make clear that states cannot punish DCMs "for doing precisely what is permitted under federal law." Az. Compl. ¶ 2. Instead, Congress authorized the CFTC to subject contracts to public-interest review if they involve gaming. *Id.* ¶¶ 53-54 (citing 7 U.S.C. § 7a-2(c)(5)(C)(i)-(ii)).


Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc:    All Counsel (via ECF)
Word Count: 347