**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON S. MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*



**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**MARYLAND STATE LOTTERY AND GAMING**
**CONTROL AGENCY**

**ANTHONY G. BROWN**
*Attorney General*

**HOLLY L. KNEPPER**
*Principal Counsel*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief of Staff*

May 4, 2026

**VIA ECF**
Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re: *KalshiEX LLC v. John A. Martin*, No. 25-1892

Dear Madam Clerk:

On behalf of the appellees, I write to notify the Court of the recent decision in *QCX LLC, v. Nessel,*, No. 1:26-cv-00710-PLM-PJG, (W.D. Mich. Mar. 10, 2026) (attached as Exhibit 1). *QCX* denied a request for a temporary restraining order to enjoin enforcement of Michigan's sports wagering laws; as relevant here, the court held that the plaintiff had not shown the requisite likelihood of success on the merits because sports wagers are not "swaps" under the Commodity Exchange Act.

First, *QCX* determined that "event," as used in the statutory definition of "swap," cannot be interpreted to include "[i]ndividual actions and scores in individual sporting events." Op. 6-7. Otherwise, the portion of the definition containing this language would subsume the statute's "other inclusive definitions of swap" and would apply "to any and all things that happen," thereby "sweep[ing] in all service contracts in any industry." *Id.* at 4-5.

Second, *QCX* interpreted the phrase "*associated with a potential financial, economic, or commercial consequence*" to require "an inherent connection to those consequences rather than a downstream, attenuated consequence." *Id.* at 6 (emphasis in original). This reading "reins in the potential chains of association to infinity" and "keeps the pertinent provisions of § 1a(47)(A)(ii) in line with its surrounding provisions, which "'refer almost exclusively to financial measures, indices, or instruments.'" *Id.* (quoting *KalshiEX, LLC v. Hendrick*, No. 2:25-cv-00575-APG-BNW, 2025 WL 3286282, at *7 (D. Nev. Nov. 24, 2025)).

Third, despite recognizing that other courts have "reached contrary conclusions," the court was "persuaded by the relatively more fulsome explorations of the text, purpose, and structure of the statutes and relevant surrounding provisions in" *North American Derivatives Exchange, Inc. v. Nevada*, No. 2:25-cv-00978-APG-BNW, 2025 WL 2916151 (D. Nev. Oct. 14, 2025), *Hendrick*, and the district court's decision in this case.  Op. 6-7.

Respectfully submitted,

/s/ Erik Delfosse

_____
Erik Delfosse

cc: All Counsel of Record