**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON S. MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*

**HOLLY L. KNEPPER**
*Principal Counsel*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief of Staff*



**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**MARYLAND STATE LOTTERY AND GAMING**
**CONTROL AGENCY**

**ANTHONY G. BROWN**
*Attorney General*

May 4, 2026

**VIA ECF**

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re:    *KalshiEX LLC v. John A. Martin*, No. 25-1892

Dear Madam Clerk:

On behalf of the appellees, I write to notify the Court of the recent decision in *KalshiEX LLC v. Schuler*, No. 26-3196 (6th Cir. April 24, 2026) (attached as Exhibit 1). While the Sixth Circuit stated that Kalshi had raised "serious questions on the merits" and ordered the appeal expedited, it nonetheless denied an injunction pending appeal because Kalshi had "shown at most that the merits are in equipoise." Op. 2; *see* Op. 7 ("largely in equipoise (if not favoring Ohio)"). The court's reasoning supports affirmance here.

First, after assuming without deciding that sports bets are swaps, *Schuler* noted that "regulation of gambling lies at the heart of the state's police power" and that "Ohio seeks to promote the public welfare by limiting sports betting—not by targeting futures trading." Op. 11.

Second, the court rejected express preemption because the Commodity Exchange Act's "exclusive jurisdiction" provision (1) is not written like a typical express preemption provision; (2) "identifies the governing agency. . . not the governing law"; (3) is subject to two savings clauses; and (4) is accompanied by express preemption provisions elsewhere in the Act.  Op. 7-9.

Third, the court rejected field preemption because the Act "often permits state regulation."  Op. 10.  It includes savings clauses, on which the Seventh Circuit relied in finding no field preemption, and allows states to enforce antifraud statutes in state court and to enforce the Act itself.  Op. 10-11.

Fourth, the court rejected obstacle preemption, explaining that Kalshi did not meet this "high threshold" because it had identified only "generic uniformity concerns."  Op. 12.

Fifth, the court rejected impossibility preemption.  Citing the dissent in *KalshiEX, LLC v. Flaherty*, 172 F.4th 220, 232 (3d Cir. Apr. 6, 2026), the court observed that the CFTC's "impartial access" rules (1) are anti-discrimination commands, not a bar on facially neutral state laws; and (2) "do not appear to require" offering "any 'particular market,'" particularly since the "special rule" suggests that certain contracts may not be listed.  Other companies, moreover, have complied with both federal impartial-access requirements and state sports-gaming laws.  Op. 13.

Respectfully submitted,

/s/ Erik Delfosse

_____

Erik Delfosse

cc: All Counsel of Record