

# Milbank

## WILL HAVEMANN
*Partner*
1101 New York Ave., N.W.  |  Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com  |  milbank.com

May 5, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

> **Re:**    ***KalshiEX LLC v. John A. Martin, et al.*, No. 25-1892**
> **FRAP 28(j) Letter Response**

Dear Ms. Anowi:

The Sixth Circuit panel's unpublished decision in *Schuler* does not support affirmance. The panel emphasized (at 1, 6-7, 9-10, 12-13, 16) the "serious" and "close" questions Kalshi raised on the merits and concluded only that Kalshi did not "show enough at this stage" to obtain relief pending appeal.  Its grounds for denying relief are unpersuasive.

On express preemption, *Schuler* deemed it unclear at this stage whether Section 2(a)'s "exclusive-jurisdiction" clause preempts state law.  Op.7-8.  It does.  "Exclusive" means "[n]ot divided or shared with others," *Exclusive*, American Heritage Dictionary (2d ed. 1980), and state law is preempted where agency jurisdiction is "exclusive," *Hughes v. Talen Energy Mktg., LLC*, 578 U.S. 150, 163 (2016).  As to field preemption, Section 2(a)'s savings clauses support Kalshi, confirming Congress's intent to permit state regulation only "*[e]xcept as*" provided by the CFTC's exclusive jurisdiction over on-DCM trading.  7 U.S.C. § 2(a)(1)(A) (emphasis added).  The panel cited other provisions governing state law's application to off-DCM transactions, but they only underscore the CFTC's exclusive jurisdiction over on-DCM transactions.

On conflict preemption, *Schuler* erroneously applied a presumption against preemption, Op.11, departing from this Court's instruction that the presumption is inapplicable where a statute contains an express-preemption clause.  *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 762 n.1 (4th Cir. 2018).  The panel noted that "generic uniformity concerns" cannot show conflict preemption.  Op.12.  But Congress's commitment to uniform DCM regulation is not generic; the 1974 amendments' very purpose was to "bring the markets under a uniform set of regulations."  *Am. Agric. Movement, Inc., v. Bd. of Trade of Chi.*, 977 F.2d 1147, 1156 (7th Cir. 1992).  *Schuler*

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

further suggested compliance with state-by-state geographic restrictions may not violate Kalshi's "impartial-access" obligation. Op.12-13. But the CFTC has confirmed such compliance is "impossibl[e]" for DCMs. *N. Am. Derivatives Exch., Inc. v. Nevada*, No. 25-7187 (9th Cir.), Dkt. 38.2 at 26-27.

     *Schuler* acknowledged that Kalshi will face irreparable harm from unrecoverable geofencing costs. Op.14. Though the panel found it equitable to allow Ohio to enforce its laws pending full merits review, it expedited the appeal given how close it considered the questions. Op.15-16.

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc:     All Counsel (via ECF)
Word Count: 350