**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON S. MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*

**HOLLY L. KNEPPER**
*Principal Counsel*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief of Staff*



**STATE OF MARYLAND
OFFICE OF THE ATTORNEY GENERAL
MARYLAND STATE LOTTERY AND GAMING
CONTROL AGENCY**

**ANTHONY G. BROWN**
*Attorney General*

July 21, 2026

**VIA ECF**

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

     Re:    *KalshiEX LLC v. John A. Martin*, No. 25-1892

Dear Madam Clerk:

On behalf of the appellees, I write to notify the Court of the preliminary injunction denial in *KalshiEX LLC v Williams et al., 1:25-cv-08846-AT*, 2026 WL 1961872 (S.D.N.Y. July 7, 2026) (attached as Exhibit 1).  Like the district court here, *Williams* assumed that sports wagers were swaps but concluded that the CEA's exclusive jurisdiction does not preempt New York's sports wagering laws.  Op, 8, 10-11.

*Williams* rejected field preemption for four reasons.  First, savings clauses limit the reach of the CEA's exclusive jurisdiction provision. *Id.* at 13.  Second, the Special Rule reflects an intent to preserve state laws that "severely undercuts" Kalshi's argument that Congress intended to displace all state laws for any "transactions that fall within the scope of the CEA." *Id.* at 13-14 (quoting the district court's opinion in this case).  Third, the court declined to interpret the exclusive

jurisdiction grant as leaving "no room for supplementary state legislation," given States' traditional police power to regulate gambling. *Id.* at 14. Fourth, the CEA's express prohibition of state regulation in "certain limited circumstances" not present here provides "strong evidence" that Congress's grant of exclusive jurisdiction to the CFTC was not intended "to exclude all state gambling laws from regulating transactions involving swaps." *Id.* at 14.

*Williams* also rejected both impossibility and obstacle conflict preemption. Regarding impossibility preemption, the court reasoned that Kalshi can both obtain a New York license and establish a category of New York participants on its DCM without violating the CEA. *Id.* at 16. Regarding obstacle preemption, *Williams* determined that state law "complement[ed] rather than conflict[ed] with" the CEA. *Id.* at 18. The court noted that (1) Congress sought to prohibit sports wagers on DCMs, as evidenced by the Lincoln-Feinstein colloquy; (2) "self-certification is not tantamount to a declaration that the contract is lawful"; and (3) CFTC "inaction is not proof" that sports wagers "are regulated by or permissible under the CEA." *Id.* at 18-19.

Respectfully submitted,

/s/ Erik Delfosse

_____

Erik Delfosse

cc: All Counsel of Record