

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W.  |  Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com  |  milbank.com

July 24, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

> Re:  *KalshiEX LLC v. John A. Martin, et al.*, No. 25-1892
> **FRAP 28(j) Response**

Dear Ms. Anowi:

The *Williams* court's preemption analysis is unpersuasive.

Express preemption:  *Williams* "assume[d]" Kalshi's contracts are "swaps" and agreed the CEA's text "is clear … that Congress intended for the CFTC to have exclusive jurisdiction" over DCM-traded swaps.  Op.11.  But rather than apply the plain text, the court wrongly declared that the "scope of Congress' intent to displace state law … can be determined by considering" "implied preemption."  Op.12.  The court also applied a presumption against preemption.  Op.10-11.  But where a "statute contains an express pre-emption clause," the presumption is inapplicable, and courts "instead focus on the [clause's] plain wording."  *Puerto Rico v. Franklin Cal. Tax-Free Tr.*, 579 U.S. 115, 125 (2016) (citation modified).

Field preemption:  In rejecting field preemption, the court erroneously relied on provisions preserving state authority *outside* the preempted field.  It invoked Section 2(a)'s savings clause, which preserves some state authority.  Op.13.  But it ignored the critical proviso clarifying the clause applies only "[e]xcept as hereinabove provided" by the CFTC's "exclusive jurisdiction" over on-DCM trading.  7 U.S.C. § 2(a)(1)(A).  Similarly, the court read express-preemption provisions in Section 16 as defining "Congress' intended scope of preemption."  Op.14; *see* 7 U.S.C. §§ 16(e)(2), (h).  Yet those provisions preempt state law as to *off-DCM* transactions, leaving the CFTC's "exclusive jurisdiction" over *on-DCM* transactions unaffected.  The court also misinterpreted the Special Rule to let state law apply to DCM-traded event contracts.  Op.13-14.  The Special Rule only lets the *CFTC* prohibit contracts involving "gaming" or activity "unlawful under … State law" as contrary to the public interest.  7 U.S.C. § 7a-2(c)(5)(C)(i).

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

<u>Conflict preemption</u>:  As to conflict preemption, the court acknowledged "[t]he CFTC holds the authority to determine whether a contract is legal." Op.18.  That should have ended the inquiry, because the CFTC *has* determined Kalshi's contracts are legal, explaining that many sports-event contracts "can be operated consistent with the public interest," Prediction Markets, 91 Fed. Reg. 35,806, 35,836 (June 12, 2026), and that states' attempts to regulate DCM-traded sports-event contracts—like Maryland's here—"invade the CFTC's exclusive jurisdiction," CFTC Br. 2, *N. Am. Derivatives Exch. Inc. v. Nevada*, No. 25-7187 (9th Cir. Feb. 17, 2026), ECF 38.2.

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc:     All Counsel (via ECF)
        Word Count: 350

2