**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON S. MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*



**STATE OF MARYLAND
OFFICE OF THE ATTORNEY GENERAL
SECURITIES DIVISION**

**ANTHONY G. BROWN**
*Attorney General*

**MELANIE SENTER LUBIN**
*Securities Commissioner*

**KELVIN M. BLAKE**
*Assistant Securities Commissioner*

**KATHARINE M. WEISKITTEL**
*Assistant Securities Commissioner*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**MAX F. BRAUER**
*Senior Assistant Attorney General*
*Chief, Enforcement Unit*

July 31, 2026

**VIA ECF**
Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re:    *KalshiEX LLC v. John A. Martin*, No. 25-1892

Dear Madam Clerk:

On behalf of the appellees, I write to notify the Court of the decision in *Washington v. KalshiEx, LLC*, No. 26-2-10264-3 SEA (Wash. Super. July 20, 2026) (attached as Exhibit 1).

Washington restricts gambling activity, bans all online gambling, but allows a limited exception for sports wagering on tribal lands. Op. 3. The State sued Kalshi, seeking to enforce its gambling and consumer protection laws. The court noted that Kalshi offers "illegal gambling, sports wagering, and bookmaking," including by "provid[ing] information about wagers [and] real-time odds" and "match[ing] users for wagers," and that Kalshi receives profits "b[y] facilitating wagers and collecting fees." Op. 4-5. Accordingly, the court granted Washington's preliminary injunction motion. Op. 12-13.

In issuing the injunction, the court held that the CEA does not preempt Washington's gambling laws and reached a series of conclusions consistent with the appellees' position here.

First, 7 U.S.C. § 2(a)(1)(A)'s exclusive jurisdiction grant "was not added to exclude state regulation, but to 'separate the functions of the [CFTC] from those of the [SEC] and other regulatory agencies' and 'consolidate federal regulation of commodity futures trading in' one agency." Op. 6 (citations omitted).

Second, § 2(a)(1)(A) "does not contain express preemption language." Op. 6-7 (distinguishing cases).

Third, the "exclusive jurisdiction" grant contains savings clauses, indicating "that Congress did not intend to supersede or limit States in regulating gambling." Op. 7.

Fourth, "regulation of gambling and regulation of futures markets are different fields" and "[c]omplying with Washington law would not prevent Kalshi from complying with applicable Federal law." Op. 7-8.

Fifth, the CEA's impartial access requirement "does not require Kalshi to violate state law" and "inability to match Washington traders with other traders nationwide is not discrimination in providing access on the part of Kalshi." Op. 8, 10.

Finally, the CEA's Special Rule "suggests that certain contracts may be listed in some state markets but not others" as "evident in the language . . . referencing activity that is unlawful under any Federal or State law." Op. 9.

Respectfully submitted,

/s/ Max F. Brauer

_____

Max F. Brauer

cc: All Counsel of Record