

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W.  |  Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com  |  milbank.com

August 7, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

> Re:    *KalshiEX LLC v. John A. Martin, et al.*, No. 25-1892
> FRAP 28(j) Letter Response

Dear Ms. Anowi:

The Washington court's order is unpersuasive.

Express preemption:  The court held § 2(a)(1)(A) "does not contain" express-preemption language.  Op.6.  But Congress's grant of "exclusive" "jurisdiction" in a statute expressly preempts state law.  *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 233-236 (1947) (citations omitted).  The CFTC's "exclusive jurisdiction" thus preempts states from exercising *concurrent* jurisdiction.  7 U.S.C. § 2(a)(1)(A).  The court interpreted the CFTC's exclusive jurisdiction to "consolidate *federal* regulation of commodity futures trading in one agency."  Op.6 (emphasis added) (citation modified).  But it did not contest "the CEA's preemption of federal *and state* security laws."  Op.7 (emphasis added) (citation omitted).  The court also invoked § 2(a)(1)(A)'s savings clause but ignored that it applies only "[e]xcept as hereinabove provided" by the CFTC's "exclusive jurisdiction" over on-DCM trading.

Field preemption:  The court recognized "the CEA preempts the field of regulating on DCMs."  Op.7.  Yet it also held the CEA "does not preempt" Washington's "enforcement of gambling law" against Kalshi.  Op.7.  The order creates an extratextual carveout from the preempted field for state gambling regulation.  Nothing in the CEA supports that result.

Conflict preemption:  The court recognized 17 C.F.R. § 38.151(b) as "a non-discrimination provision" but nevertheless concluded Kalshi may discriminate against users based on geography.  Op.10.  Similarly, it asserted that "[c]omplying with Washington law would not prevent Kalshi from complying with applicable Federal law."  Op.8.  But, as the CFTC has confirmed, it is "im-

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

possible" for Kalshi to comply with state geographical limitations while fulfilling its impartial-access obligation.  If one state may impose geographic limits, so may 49 others, fragmenting a single nationwide market.

The court also interpreted the Special Rule to allow states to ban DCM-traded contracts "[r]egardless of [the CFTC's] public interest determination."  Op.9.  But the Special Rule grants the *CFTC* exclusive authority to prohibit contracts involving "gaming" or activity "unlawful under … State law" as contrary to the public interest, 7 U.S.C. § 7a-2(c)(5)(C)(i)—refuting the court's conclusion that states have concurrent authority.  The court's order also contravenes the CFTC's determination that many sports-event contracts comport "with the public interest."  Prediction Markets, 91 Fed. Reg. 35,806, 35,836 (June 12, 2026).

Respectfully submitted,

*/s/ William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc:     All Counsel (via ECF)
        Word Count: 347

2