

**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON S. MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*

**MELANIE SENTER LUBIN**
*Securities Commissioner*

**KELVIN M. BLAKE**
*Assistant Securities Commissioner*

**KATHARINE M. WEISKITTEL**
*Assistant Securities Commissioner*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**MAX F. BRAUER**
*Senior Assistant Attorney General*
*Chief, Enforcement Unit*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**SECURITIES DIVISION**

**ANTHONY G. BROWN**
*Attorney General*

August 10, 2026

**VIA ECF**

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re:     *KalshiEX LLC v. John A. Martin*, No. 25-1892

Dear Madam Clerk:

This letter responds to Appellant's Rule 28(j) letter (ECF 107) regarding North Carolina Senate Bill 257 ("S.B. 257"). This bill is not an authority that counsel's reversal.

First, S.B. 257 was North Carolina's 634-page appropriations bill that tacked on two pages taxing prediction markets. S.B. 257, Gen. Assemb. (N.C. 2025), *available at* https://www.ncleg.gov/Sessions/2025/Bills/Senate/PDF/S257v8.pdf.

Second, a stray reference to "exclusive authority" in a subordinate clause carries no weight. There is no explanation what those words mean, legal analysis, or mention of preemption. *See also*, Appellee's Br. 39 ("exclusive authority" held not to be field preemptive). A stray CEA reference by the North Carolina legislature expressed in an appropriates bill is unpersuasive.

Third, those two pages do not acknowledge a right or requirement under the CEA to operate prediction markets in North Carolina but simply allow CFTC registration to suffice to operate in the state, subject to a tax.  S.B. 257 § 44.9(a)-(b) ("*may* operate within the State lawfully as a result of its registration with the [CFTC]") (emphasis added).

Fourth, North Carolina has chosen to tax prediction markets, but other states can make different choices if they do not conflict with federal law.  Appellants Br. 44; 47.  S.B. 257 exemplifies federalism.

Respectfully submitted,

/s/ Max F. Brauer

_____

Max F. Brauer

cc: All Counsel of Record