**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON S. MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*

**MELANIE SENTER LUBIN**
*Securities Commissioner*

**KELVIN M. BLAKE**
*Assistant Securities Commissioner*

**KATHARINE M. WEISKITTEL**
*Assistant Securities Commissioner*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**MAX F. BRAUER**
*Senior Assistant Attorney General*
*Chief, Enforcement Unit*



**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**SECURITIES DIVISION**

**ANTHONY G. BROWN**
*Attorney General*

August 10, 2026

**VIA ECF**

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

  Re: *KalshiEX LLC v. John A. Martin*, No. 25-1892

Dear Madam Clerk:

  *KalshiEX LLC v. Ellison*, No. 26-cv-2778 (D. Minn. July 27, 2026), does not counsel reversal.

  (1) *Ellison* "does not concern" Minnesota's sports-betting laws but a prediction markets ban that "may not, ultimately, be preempted in all respects." Op. 24 n.17; 23. *Ellison* preserved the status quo "given the [statute's] unique nature" and "imminent effective date." Op. 23.

  (2) Kalshi made no express-preemption argument below. J.A. 156. *Ellison* declined to address field and conflict preemption. Op. 37.

  (3) The presumption against preemption is rebutted only *after* determining an express-preemption provision's existence. *Compare Just Puppies, Inc. v. Brown*, 123 F.4th 652, 661 (4th Cir. 2024); *Altria Grp., Inc. v. Good*, 555 U.S. 70, 77 (2008) *with Bio Gen LLC v. Sanders*, 142 F.4th 591, 600 (8th Cir. 2025) (citing *Puerto Rico*

*v. Franklin Cal. Tax-Free Tr.*, 579 U.S. 115, 125 (2016) (analyzing undisputedly express-preemption provision).

(4) Section 2(a)(1)(A) does not expressly preempt. The Supreme Court noted it separates securities from commodity futures jurisdiction. Appellee's Br. 23-25. Cases cited do not establish otherwise. *Id.* at 26-27; 39 (rejecting "exclusive authority" as expressly preemptive). Express-preemption provisions are explicit, e.g. Sections 16(e)(2), (h); "exclusive jurisdiction" is not (if it expressly preempted, it would render those sections superfluous). *Id.* at 28; 43; 29. Dictionary definitions buttress the Sixth Circuit's conclusion that "exclusive jurisdiction" contrasts with other agencies, not to other laws. Op. 24; ECF 100.

(5) *Ellison*'s swap interpretation ignores that an "outcome" is not an "occurrence" and permits remote consequences in contrast with the definition's natural meaning. Appellees' Br. 51-56. The only "potential financial consequence" of who "would sign LeBron James" or "win the World Cup" is to the contracting parties or the champion, making every contract or game for stakes a swap event. Op. 34; ECF 109-2 at 14.

(6) *Ellison* ignores that the Special Rule incorporates and works in tandem with state law, thus impliedly repealing federal gambling laws and making the CFTC the nation's gaming regulator. Appellee's Br. 32-38.

Respectfully submitted,

/s/ Max F. Brauer

_____

Max F. Brauer

cc: All Counsel of Record