**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON S. MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*

**MELANIE SENTER LUBIN**
*Securities Commissioner*

**KELVIN M. BLAKE**
*Assistant Securities Commissioner*

**KATHARINE M. WEISKITTEL**
*Assistant Securities Commissioner*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**MAX F. BRAUER**
*Senior Assistant Attorney General*
*Chief, Enforcement Unit*



**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**SECURITIES DIVISION**

**ANTHONY G. BROWN**
*Attorney General*

August 10, 2026

**VIA ECF**

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re:     *KalshiEX LLC v. John A. Martin*, No. 25-1892

Dear Madam Clerk:

I write to notify the Court of the following decisions:

- *CFTC v. Wisconsin*, No. 26-C-749 (E.D. Wisc. July 29, 2026) (denying preliminary injunction against gambling prohibition).

- *KalshiEx LLC v. Cox*, No. 2:26-cv-00151 (D. Utah Aug. 4, 2026) (granting Utah judgment in criminal-gambling-ban challenge).

- *Coinbase Financial Markets, Inc. v. Nessel*, No. 25-14092 (E.D. Mich. Aug. 6, 2026) (denying preliminary injunction against sports betting act).

All rejected preemption; *Wisconsin* and *Nessel* concluded sports wagers are not swaps.

### Express Preemption

All noted the CEA's limited express-preemption provisions elsewhere in the act. *Nessel* and *Wisconsin* reasoned those sections contain explicit language that Section 2(a)(1)(A) lacks. "Exclusive jurisdiction" refers to the governing agency, not the governing law. *Nessel* and *Cox* noted savings clauses. *Cox* emphasized state law "operat[ing] in tandem" with the CEA. *Cox*, at 13-14; *Wisconsin*, at 22; *Nessel*, at 32-33.

### Field Preemption

It is "implausible" that Dodd-Frank could "silently reverse" anti-gambling policy. *Cox* and *Wisconsin* noted historical police powers are "seldom" preempted. *Cox* and *Nessel* emphasized savings clauses, section 16(e)(2) permitting state action (*Cox*), and the CEA's state law incorporation (*Nessel*). *Cox*, at 17-18; *Nessel*, at 37-41; *Wisconsin*, at 23.

Compliance with stricter state law complies with federal law, which "permits" but does "not guarantee a right" to event contracts. *Wisconsin*, at 24.

### Conflict Preemption

Rejecting impossibility preemption, the courts reasoned that the impartial access requirement is "a rule for fair play [preventing financial discrimination]" not to offer the same products "in every location." Moreover, "expensive is not impossible" to manage different requirements. Finally, uniformity does not preempt laws that "tangentially regulat[e] swaps." Rejecting obstacle preemption, the courts found that state gambling laws do not undermine CEA's statutory purposes; Michigan's "arguably complement them." *Wisconsin*, at 25; *Cox*, at 21-24; *Nessel*, at 43-45.

### Swaps

Swaps "traditionally and directly affect commodity prices." *Nessel* reasoned an overly broad interpretation renders subsections (i) and (iii) superfluous, frustrates the CEA's purpose and goals, violates noscitur a sociis, and is absurd because Congress did not intend to place all sports wagering on DCMs. Similarly, *Wisconsin* found no clear congressional statement. *Nessel*, at 26-28; *Wisconsin*, at 18-21.

Respectfully submitted,

/s/ Max F. Brauer

_____

Max F. Brauer

cc: All Counsel of Record