Milbank
WILL HAVEMANN
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

September 9, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

**Re: *KalshiEX LLC v. Martin, et al.*, No. 25-1892 – FRAP 28(j) Letter Response**

Dear Ms. Anowi:

The Ninth Circuit in *Assad* rejected the argument the district court below adopted—that the CEA does not preempt state gambling laws. *Assad* held the CFTC's "exclusive jurisdiction" "excludes all others" and thus "expressly preempts state law." 2026 WL 2543846, at *7. As the panel explained, a contrary interpretation would render § 2(a)(1)(A)'s saving clause "superfluous." *Id.* Nor did Congress's "more explicit language" in § 16(e)(2) undermine the exclusive-jurisdiction provision's preemptive effect. *Id.* *Assad* thus declined to apply a presumption against preemption, instead "focus[ing] on the plain wording." *Id.*

*Assad* also concluded Kalshi's contracts are not "swaps"—a question the district court did not reach. That conclusion is mistaken.

- *Assad* acknowledged the Special Rule places "swaps" involving "gaming" within CFTC jurisdiction. *Id.* at *12-14. Indeed, Judge Lee's concurrence noted the Special Rule does not "seem to categorically bar all gaming contracts." *Id.* at *19. But the panel concluded that a CFTC regulation prohibits such contracts. Even if that were correct (it is not), it reinforces preemption. The regulation could only prohibit contracts involving gaming if the CFTC has jurisdiction over them. *Assad*'s reasoning will soon be obsolete because the CFTC's proposed regulation clarifies sports-event contracts are permitted.
- *Assad* acknowledged the "colorable textual basis" to conclude Kalshi's contracts are "swap[s]." *Id.* at *14 (citation modified). But it held sports-event contracts don't qualify because they involve "outcome[s]" rather than events and because swaps must involve "inherent[ ]" financial consequences. *Id.* at *11-12. That flouts the text. An "event" includes an "outcome," and the CEA requires events with "potential"—not "inherent"—

economic consequences. Any contention sports events categorically lack potential economic consequences is self-evidently incorrect.

- *Assad* adopted extratextual limitations for fear the swap definition would otherwise lack any. *Id.* at *11. But the definition excludes events without potential economic consequences, subject to ordinary causation principles.
- The panel wrongly believed Congress didn't intend the CEA to preempt gambling laws. A main purpose of CFTC exclusive jurisdiction was to preempt long-standing state efforts to ban futures as "gambling." *See* Opening Br. 42-46; Kevin Van Wart, *Preemption and the Commodity Exchange Act*, 58 Chi.-Kent L. Rev. 657, 700 (1982).

Respectfully submitted,

/s/ *William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc: All Counsel (via ECF)
Word Count: 350