Milbank
**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

September 25, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

**Re: *KalshiEX LLC v. John A. Martin, et al.*, No. 25-1892**
**Notice**

Dear Ms. Anowi:

Kalshi writes to advise the Court of a development relevant to this appeal.

The Commodity Futures Trading Commission (CFTC) recently announced that it "expects that its revised version of 17 C.F.R. § 40.11 will become final within the next two months." Fed. Pls.' Resp. to Defs.-Appellants' Mot. for Summ. Disposition at 2, *CFTC v. Johnson*, No. 26-4281 (9th Cir. Sep. 24, 2026), Dkt. No. 29.1. Defendants have repeatedly asserted that Rule 40.11 categorically prohibits designated contract markets from offering event contracts that involve gaming. Appellee Br. 11, 30, 34. As Kalshi has explained, that assertion is incorrect. Reply Br. 13. Regardless, the proposed new regulation clearly would not impose a categorical bar, and instead would authorize designated contract markets to list many of the event contracts Maryland seeks to prohibit in this case. Prediction Markets; Public Interest Determinations, 91 Fed. Reg. 35,806, 35,859-71 (June 12, 2026).

Kalshi is entitled to a preliminary injunction for all the reasons explained in its briefing and at oral argument. To the extent the Court believes that Rule 40.11 is relevant to this appeal, however, the Court should wait for the new regulation to go into effect before issuing a decision.

Respectfully submitted,

/s/ *William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc: All Counsel (via ECF)
Word Count: 195