Milbank
**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

October 1, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

**Re: *KalshiEX LLC v. John A. Martin, et al.*, No. 25-1892**
**FRAP 28(j) Letter Response**

Dear Ms. Anowi:

The preliminary-injunction decision in *KalshiEX LLC v. Bird* is unpersuasive.

Express preemption: The court rejected express preemption by misreading the Special Rule to suggest Congress viewed "gaming" contracts "negative[ly]." Op.13. Far from barring contracts involving "gaming," the Rule authorizes the CFTC to determine if they are "contrary to the public interest." 7 U.S.C. § 7a-2(c)(5)(C)(i). That grant of authority confirms the *CFTC*—not the states—may regulate sports-event contracts. And the CFTC has proposed a rule that would permit many of the same contracts the states seek to ban. States may challenge that rule if they disagree with it.

The court read the "swap" definition to cover only "financial instruments" "designed to hedge risk." Op.16. But the text is not limited to "financial" contracts designed to "hedge." It instead encompasses contracts involving events with "potential" financial consequences. 7 U.S.C. § 1a(47)(A)(ii). The contention that sports events *categorically* lack even potential financial consequences is plainly incorrect. Reply Br.24-32. Because sports are a multi-trillion-dollar industry, users frequently use Kalshi to hedge risk.[1]

[1] *See, e.g.*, Andrew Ross Sorkin et al., *Hedging, not betting, on sports via prediction markets*, N.Y. Times DealBook (Feb. 10, 2026), https://perma.cc/VP2T-NLP5.

The court also applied a presumption against preemption. Op.18-19. But courts do not invoke that presumption where, as here, a statute "contains an express pre-emption clause." *Puerto Rico v. Franklin Cal. Tax-Free Tr.*, 579 U.S. 115, 125 (2016) (citation omitted).

Implied preemption: The court reasoned Section 2(a)(1)(A)'s savings clause permits state regulation only by overlooking its critical proviso, which makes clear state law applies *except* as limited by CFTC exclusive jurisdiction. Op.20; *see* 7 U.S.C. § 2(a)(1)(A). The CFTC's exclusive jurisdiction over *all* DCM-traded agreements confirms state regulation is field-preempted.

The court rejected conflict preemption by holding Kalshi's sports-event contracts are not swaps. Op.21. But Kalshi's contracts are swaps, and the CFTC has confirmed Kalshi must obey all applicable regulations, including the impartial-access requirement, which does not permit the imposition of geographic limitations. CFTC Amicus Br.18-19, *KalshiEX LLC v. Williams*, No. 26-1835 (2d Cir. Sep. 8, 2026), Dkt. No. 51.1; *see* 17 C.F.R. § 38.151(b). Accordingly, state regulation is also conflict-preempted.

Respectfully submitted,

*/s/ William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc: All Counsel (via ECF)
Word Count: 349