Milbank
WILL HAVEMANN
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

October 1, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

**Re: *KalshiEX LLC v. Martin*, No. 25-1892 – FRAP 28(j) Response**

Dear Ms. Anowi:

*Blue Lake Rancheria* does not support Defendants.

*First*, the decision did not involve preemption of state law at all. Instead, the question was whether the CFTC's exclusive jurisdiction over swaps prevented Indian tribes from enjoining Kalshi's sports-event contracts under IGRA. The panel held that the CFTC's "'exclusive jurisdiction'" does not "exclu[de] … all other *federal* laws" from applying to matters within its scope. Op.35 (emphasis added). The panel acknowledged *state* law is a different matter, reaffirming that "Congress spoke clearly to supersede and preempt 'state regulation of swaps that are "traded or executed" on a DCM.'" Op.36 (quoting *KalshiEX LLC v. Assad*, 2026 WL 2543846, at *7 (9th Cir. Aug. 28, 2026)).

*Second*, the decision borrows heavily from—and depends on—the Ninth Circuit's *Assad* decision. *See* Op.23, 32, 34. As Kalshi has explained, *Assad*'s holding that Kalshi's contracts are not swaps suffers from serious flaws. *See* Dkt. No. 122. Kalshi has accordingly petitioned the Ninth Circuit for rehearing en banc in *Assad*. *Blue Lake Rancheria* simply compounds *Assad*'s errors.

*Third*, *Blue Lake Rancheria* is mistaken. UIGEA, not IGRA, is the statute that governs internet gambling, and it explicitly excludes from its scope "any transaction conducted on … a registered entity … under the Commodity Exchange Act" because those transactions are subject to the CFTC's exclusive jurisdiction. 31 U.S.C. § 5362(1)(E)(ii). This interpretation of UIGEA does not "alter[], limit[], or extend[]" other laws "regulating gambling." *Id.* § 5361(b); *contra* Op.32. It simply reflects Congress's understanding that laws regulating gambling do not apply to

on-DCM trading in the first place. The panel could not explain why Congress would exempt on-DCM trading from UIGEA if it intended to criminalize offering DCM-traded instruments under other federal statutes. The panel's interpretation would allow tribes to bar DCMs from offering "swaps" involving "gaming," even though Congress gave the CFTC "exclusive jurisdiction" over such contracts. 7 U.S.C. §§ 2(a)(1)(A), 7a-2(c)(5)(C)(i). While the panel feared that upholding the CFTC's exclusive jurisdiction would "t[ake] a wrecking ball to all sports gambling regulations," Op.36 (citation modified), that is incorrect, because states remain free to regulate off-exchange activity, including bets offered by sportsbooks.

Respectfully submitted,

/s/ *William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc: All Counsel (via ECF)
Word Count: 350