Milbank
WILL HAVEMANN
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

October 6, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

**Re: *KalshiEX LLC v. John A. Martin, et al.*, No. 25-1892**
**FRAP 28(j) Letter**

Dear Ms. Anowi:

We write to notify the Court of the decision in *KalshiEx LLC v. Raoul* (N.D. Ill. Oct. 2, 2026) ("Op."), which granted Kalshi a preliminary injunction against enforcement of Illinois's gambling laws.

Swaps: The court held that Kalshi's contracts are swaps under the CEA's plain text. Op. 10-11. It rejected the argument that an event cannot be an outcome. Op. 9-10; *contra* Defs.' Br 51-53. It also rejected the argument that an event's consequences must be "inherently economic," noting the "financial similarity" between sports-event contracts and other derivatives, and adding that "[b]roadcasters," "[a]rena and concession companies," and "sponsors[ ]" have economic exposure to sports events. Op. 13-17; *contra* Defs.' Br. 53-56. The court noted that while the swap definition is "broad," it is not "unlimited"—it requires "concrete and articulable" financial associations with some "materiality." Op. 12. Finally, the court rejected reliance on interpretive canons premised on the "intuition" that Congress did not intend the CFTC to regulate gambling, emphasizing in particular that the Special Rule allows the CFTC to regulate contracts involving "gaming." Op. 14-16.

Preemption: The court next reaffirmed that laws " 'governing or supervising the operation of or trading on a' designated market [a]re preempted." Op. 18 (citation modified; quoting *Am. Agric. Movement, Inc. v. Bd. of Trade of Chi.*, 977 F.2d 1147, 1156 (7th Cir. 1992)). The court then found state law preempted because "Illinois attempts to regulate how Kalshi's swaps can be structured and what sorts of sporting events they can relate to," which would "force Kalshi to build a market solely for Illinoisans" and result in "non-uniform regulation." Op. 22-23. The court

rejected defendants' argument that there is no conflict because a CFTC regulation makes Kalshi's contracts unlawful, calling this theory "odd" given that the CFTC "supports Kalshi's position" in litigation. Op. 23.[1]

Irreparable Harm/Equities: The court also found that Kalshi had demonstrated irreparable harm by alleging "incalculable losses" and because "[s]overeign immunity protects Illinois from damages." Op. 25. The equities likewise favored Kalshi given that Illinois had little interest in "enforcing laws" "likely preempted." Op. 27.

Respectfully submitted,

*/s/ William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc: All Counsel (via ECF)
Word Count: 350

[1] The court reserved ruling on the permissibility of fees Illinois seeks to impose on Kalshi pending further briefing. Op. 24-25.