Milbank
**WILL HAVEMANN**
*Partner*
1101 New York Ave. NW | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

October 12, 2026

**By Electronic Filing**

Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

**Re: *KalshiEX LLC v. Martin*, No. 25-1892**
**FRAP 28(j) Letter**

Dear Ms. Anowi:

Kalshi respectfully notifies the Court of two significant regulatory developments that support reversal. The CEA "'expressly delegate[s]' to [the CFTC] the authority to give meaning to" specified "statutory term[s]," *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394-395 (2024) (citation omitted), including the term "swap," 15 U.S.C. § 8302(d)(1). The CFTC is exercising that authority in two key ways.

*First*, on October 9, 2026, the CFTC issued an Interim Final Rule ("IFR") excluding from the "swap" definition contracts "regulated as gaming or gambling under applicable State or Tribal law" and "not traded on a board of trade" or other "organized exchange." *Further Definition of "Swap" to Exclude Casino-Style Gambling Products* at 40, https://perma.cc/8K55-4PXS. The IFR—which is "effective immediately"—rejects the "erroneous premise" "that if event contracts are swaps, then casino-style gambling products must also be swaps" subject to CFTC jurisdiction. *Id*. at 9, 32.

*Second*, the CFTC published a Notice of Proposed Rulemaking ("NPRM") defining "swap" to cover "[e]vent contracts, including those based on sports-[related] … events." *Further Definition of "Swap" – Inclusions* at 33, https://perma.cc/P76K-RJ58. The NPRM explains that the statutory "swap" definition already encompasses sports-event contracts, but that the proposed regulation "provides an independent legal basis to deem these contracts as swaps" and avoids "uncertainty about whether particular underlying sports … events have potential financial consequences." *Id.* at 13, 22-23.

These rulemakings undermine Defendants' arguments. The NPRM refutes Defendants' contention that sports-event contracts are not swaps, Response Br. 50-56, and the IFR refutes their contention that treating sports-event contracts as swaps would sweep casino gambling into the

CFTC's jurisdiction and strip states of their traditional regulatory authority, *id.* at 17, 33-34. They remove any doubt that Kalshi's contracts fall within the CFTC's exclusive jurisdiction.

If the Court remains uncertain concerning Kalshi's entitlement to relief under current law, it should await finalization of the CFTC's proposed rules before issuing a ruling. *See* Dkt. No. 124 (addressing the CFTC's proposed amendment to Rule 40.11). Given the important issues presented, this Court should render a durable ruling that accounts for regulatory developments rather than one that will be superseded and relitigated almost immediately.

Respectfully submitted,

*/s/ William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc: All Counsel (via ECF)
Word Count: 350