No. 25-1892

IN THE
# United States Court of Appeals for the Fourth Circuit

KALSHIEX LLC,

*Plaintiff-Appellant*,

v.

JOHN A. MARTIN, *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Maryland
No. 1:25-cv-1283 (Hon. Adam B. Abelson)

**KALSHIEX LLC'S UNOPPOSED MOTION TO EXTEND THE TIME TO FILE A PETITION FOR REHEARING & REHEARING EN BANC**

DAVIS B. CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

NEAL KUMAR KATYAL
JOSHUA B. STERLING
WILLIAM E. HAVEMANN
SAMANTHA K. ILAGAN
MILBANK LLP
1101 New York Ave. NW
Washington, DC 20005
Telephone: (202) 835-7505
nkatyal@milbank.com

November 19, 2026

*Counsel for Plaintiff-Appellant KalshiEX LLC*

Plaintiff-Appellant KalshiEX LLC ("Kalshi") moves under Federal Rule of Appellate Procedure 26(b) and Fourth Circuit Local Rule 40(c) for a 14-day extension to petition for rehearing and rehearing en banc. Good cause exists for the requested extension due to undersigned counsel's other commitments and pre-planned Thanksgiving holiday vacation. Good cause also exists because a rule proposed by the Commodity Futures Trading Commission ("CFTC") that will materially change the relevant legal landscape will likely be finalized by the beginning of December.

Pursuant to Circuit Rule 27(a), counsel for Defendants have been informed of the intended filing of this motion. Counsel for Defendants do not oppose the granting of the motion and do not intend to file a response.

## ARGUMENT

This case concerns whether the Commodity Exchange Act ("CEA")'s grant of "exclusive jurisdiction" to the CFTC preempts state regulation of swaps traded on federally regulated derivatives exchanges, 7 U.S.C. § 2(a)(1)(A), and whether certain event contracts traded on Kalshi are swaps subject to the CFTC's exclusive jurisdiction. These important questions divided a panel of this Court, and they have also divided the other courts of appeals that have addressed them. *See KalshiEX LLC v. Flaherty*, 172 F.4th 220, 225-226 (3d Cir. 2026); *KalshiEX LLC v. Assad*, 190 F.4th 1098, 1109-

11 (9th Cir. 2026); *KalshiEX LLC v. Schuler*, 192 F.4th 664, 695 (6th Cir. 2026).

The district court denied Kalshi's motion for a preliminary injunction to prevent Maryland from enforcing its gambling laws to prohibit event contracts involving sports. *See KalshiEX LLC v. Martin*, 793 F. Supp. 3d 667, 686-687 (D. Md. 2025). A panel of this Court issued a 2-1 per curiam judgment affirming the judgment of the district court on November 18, 2026. Dkt. No. 135 ("Op."). Judge Gregory and Judge Thacker authored concurring opinions, but neither opinion commanded a panel majority, and Judge Benjamin dissented. Under Federal Rule of Appellate Procedure 40(d)(1), Kalshi's petition for rehearing and rehearing en banc is due on December 2, 2026.

The "court may extend the time prescribed" "[f]or good cause," Fed. R. App. P. 26(b), including "an extraordinary circumstance wholly beyond the control of counsel," 4th Cir. R. 40(c)(ii). Good cause exists to extend the deadline for Kalshi to file its petition for rehearing and rehearing en banc for 14 days up to and including December 16, 2026. In support of this motion, counsel states as follows:

1. Kalshi has not previously sought to extend this deadline.

2. Good cause exists for the 14-day extension of Kalshi's deadline to seek rehearing and rehearing en banc. Undersigned counsel and a substantial portion of the counsel responsible for preparing the rehearing petition in this case have pre-planned vacations to celebrate the Thanksgiving holiday during the week of November 26, 2026. In addition, counsel have numerous upcoming briefing deadlines, including: a reply brief in *United States v. Wisconsin*, No. 26-2675 (7th Cir.), due November 19, 2026; a reply brief in *KalshiEX LLC v. Williams*, No. 26-1835 (2d Cir.), due November 20, 2026; a petition for a writ of certiorari in *Construction Laborers Pension Trust of Greater St. Louis v. Funko Inc.*, No. 24-4909 (9th Cir.), due December 1, 2026; a reply brief in *Empire Technology Development LLC v. Samsung Electronics Co.*, No. 26-1822 (Fed. Cir.), due December 4, 2026; an opening brief in *KalshiEX LLC v. Bird*, No. 26-2874 (8th Cir.), due December 7, 2026; a brief in opposition to certiorari in *Flaherty v. KalshiEX LLC*, No. 26-299 (U.S.), due December 7, 2026; a petition for a writ of certiorari in *United States v. Bender*, No. 25-10404 (11th Cir.), due December 10, 2026; and a reply brief in *KalshiEX LLC v. Cafferelli*, No. 26-2239 (2d Cir.), due December 11, 2026. This Court has granted motions to extend the time to file a petition for rehearing due to similar

scheduling conflicts. *See* Order, *GenBioPro, Inc. v. Raynes*, No. 23-2194 (4th Cir. July 25, 2025), Dkt. No. 174.

3. Good cause for the requested extension also exists to permit this Court to consider the effect of a forthcoming CFTC regulation that bears directly on the panel's decision and will likely be finalized by the beginning of December. The panel split 1-1-1 on the two questions presented by this appeal: whether the CEA preempts state regulation of swaps traded on designated contract markets ("DCMs") and whether Kalshi's event contracts are swaps. Op. 6, 7, 34, 44. As relevant here, Judge Gregory's concurrence concluded that the CEA does not preempt state law based in part on "the CFTC's implementation of the Special Rule" in 17 C.F.R. § 40.11. Op. 20-27. Judge Gregory reasoned that the current version of Rule 40.11 "suggests that the agency made a categorical determination to exclude gaming"-related contracts, which Judge Gregory concluded weighed against preemption. Op. 21. Judge Gregory, however, suggested that his understanding of the CFTC's exclusive jurisdiction may change depending on whether "the CFTC may ultimately agree with Kalshi's certification" of its sports-event contracts and whether the CFTC "may determine that the contracts satisfy the Special Rule." Op. 26-27.

In June 2026, pursuant to the CFTC's authority under the Special Rule, the CFTC proposed repealing Rule 40.11 and replacing it with a comprehensive framework for determining when event contracts may be traded consistent with the public interest. *See* Prediction Markets; Public Interest Determinations, 91 Fed. Reg. 35,806 (June 12, 2026). The Notice of Proposed Rulemaking proposes to provide express CFTC approval for certain event contracts involving sports as "consistent" with the "public interest," and it also proposes to prohibit other event contracts involving sports as "contrary to the public interest." *Id.* at 35,825, 35,836-37. Judge Gregory's concurrence referenced this proposal, but explained that because it "remain[s] pending," it does "not alter the text of Rule 40.11 presently in force." Op. 23.

The CFTC has publicly indicated its expectation that the proposed rule will be finalized by the beginning of December.[1] Accordingly, Kalshi respectfully submits that a short extension is appropriate to permit this Court to consider the finalized regulation as it determines whether to grant

---

[1] *See* Fed. Pls.' Resp. at 2, *CFTC v. Johnson*, No. 26-4281 (9th Cir. Sep. 24, 2026), Dkt. No. 29.1 ("[T]he [CFTC] expects that its revised version of 17 C.F.R. § 40.11 will become final within the next two months"); Henry Dickman, Oral Argument in *KalshiEX LLC v. Williams*, No. 26-1835 (2d Cir. Nov. 3, 2026), at 31:45, https://ww3.ca2.uscourts.gov/audio/26-1835%20mtn;%2026-2239%20mtn;%2026-2297mtn.mp3 ("I would expect that in the coming month or so, [the revised rule] will be finalized").

rehearing in this important case. Given that no opinion commanded a majority of the panel, and given the relevance ascribed to the current version of Rule 40.11, the CFTC's impending revision of that rule represents "an extraordinary circumstance wholly beyond the control of counsel" that warrants an unopposed extension. 4th Cir. R. 40(c)(ii).

4. In light of these circumstances, good cause exists for a 14-day extension of the deadline for Kalshi to petition for rehearing and rehearing en banc.

**CONCLUSION**

For these reasons, Kalshi requests that the Court extend the deadline to petition for rehearing and rehearing en banc 14 days from December 2, 2026, to December 16, 2026.

Dated: November 19, 2026

Respectfully submitted,

*/s/ Neal Kumar Katyal*

Neal Kumar Katyal
Joshua B. Sterling
William E. Havemann
Samantha K. Ilagan
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
Telephone: (202) 835-7505
nkatyal@milbank.com

Davis B. Campbell
Milbank LLP
55 Hudson Yards
New York, NY 10001

*Counsel for Plaintiff-Appellant KalshiEX LLC*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,183 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it has been prepared using Microsoft Office Word for Office 365 in 14-point Georgia font.

November 19, 2026

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system on November 19, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF.

November 19, 2026

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal